Battle, J.
 

 It is manifest from the facts, stated in the bill of exceptions, that the plaintiff cannot sustain his count for goods sold and delivered. lie was a constable, and purported to sell as such. One of his witnesses testified, that the goods were sold and delivered, and another stated that, though sold, they wore never in the defendant’s possession, and yet, no instruction seems to have been asked or given to.the jury, as to which of these, apparent!}’-, contradictory statements, made by the plaintiff’s own witnesses, was to be taken as true. The discrepancy can only be reconciled by reference to another part of the testimony of the first witness. The goods were sold for cash, and the defendant was not prepared to pay
 
 *568
 
 the sum which he bid, but agreed to do so on a subsequent day; and it is fairly to be inferred, that the plaintiff refused to permit him to take the goods away until he should have paid for them, which be never did.
 

 The action then, must be maintained, if it can be maintained at all, upon the second count, which is for goods sold to defendant, and for a violation of his contract in not taking and paying for them. There was plenary proof of a levy, as it appeared that the plaintiff was an officer, with executions in his hands, upon which he had endorsed, levies upon goods of one of the defendants in the execution, and had the goods in his possession. What better evidence of a levy he ■oould have given, we are at a loss to conceive.
 

 'The plaintiff, then, had clearly an authority to soil the ■goods, unless the judgments and executions, under which he had seized them, were absolutely void. It is assumed in the bill of exceptions, that some of them were so, but his Honor held that if a single execution were valid, it would sustain the sale of all the goods. In that we think he erred. He was no doubt misled by not adverting to the distinction between the case of an arrest, in which an officer would be justified, if he had but one good writ in his hands, even though he had acted under a void process, or where he had sold a single article cle under several executions, when some of them were void, and the case, like the present, where he sold several articles. In the latter pase, he would have no authority to sell more of the goods than would be sufficient to satisfy the valid executions in his hands; for as soon as he had raised an amount sufficient for that purpose, his power would be at an end. The precise amount of the sales, in the case before us, is not stated in the bill of exceptions, but the objection assumes that it was more than was necessary to pay off the valid executions in the hands of the plaintiff, and his Honor’s instruction is predicated upon that assumpsion. For their error, the judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Pee Cüeiam, Judgment reversed.